## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael J. B., | Case No. 0:19-cv-00839-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Social Security Administration, | |
| Defendant. | |

      This matter is before the Court on the Social Security Administration's (hereafter "the SSA" or "the Agency") motion to dismiss for lack of jurisdiction. [Def.'s Mot., ECF No. 8.] In its motion to dismiss, the Agency argues that the plaintiff, Michael J. B. (hereafter "Mr. B"), failed to exhaust his administrative remedies prior to bringing this lawsuit, thus precluding judicial review. [Def.'s Mem., ECF No. 9.] The Court agrees that Mr. B has failed to exhaust his administrative remedies and the motion to dismiss should be granted.

      Because this case involves a challenge to the Social Security Administration's decision with respect to disability benefits, it was assigned originally only to the undersigned magistrate judge pursuant to Local Rule 7.2(a). It appears from the Court's review of the docket that only the defendant submitted a Social Security Case Assignment Form. Without an assignment form from both parties, the Court cannot conclude that they have given their consent to have a magistrate judge exercise jurisdiction over this matter under 28 U.S.C. § 636(c). Accordingly, the Court issues this decision as a Report and Recommendation and directs the Clerk of Court to assign this case to an Article III judge with the power to rule on the defendant's dispositive motion.

## I. Background

In his Complaint,[1] Mr. B references a letter he received on March 2, 2019 from the Agency notifying him of an overpayment based on the notion that he engaged in "substantial work." [Compl. at 1 ("[I] received a letter from the defendant name[d] Social Security Administration … called Notice of The overpayment because I was substantial work…."), ECF No. 1-1 at 2.] He attached this letter from the Agency to his Complaint. It states that Mr. B ceased being eligible for disability benefit payments "as of July 2018 because of substantial work." [ECF No. 1-1 at 4.] The letter indicates that he received a total overpayment of more than $8,400. [*Id.*] In other words, the SSA informed Mr. B that he had erroneously been paid over $8,400 in benefits he should not have received because he had been working and he needed to pay it back to the Agency.

The Agency's letter also informs Mr. B that he has the right to appeal the overpayment decision by requesting reconsideration within 60 days of receipt of the notice. [ECF No. 1-1 at 5; *id.* at 6.] The letter states that Mr. B also has a right to request a waiver of the overpayment if it was not his "fault in any way, and … [he] could not meet [his] necessary living expenses if [the Agency] recovered the overpayment, or recovery would be unfair for some other reason." [*Id.* at 5.] Mr. B asserts that he is entitled to a waiver of the overpayment recovery. [Compl. at 2.] His written submissions appear to allege that he should receive the waiver because he would be without substantial financial resources if the Agency recovers the overpayment. [*See, e.g.*, ECF No. 15 at 3; ECF No. 17 at 1–2 (discussing work at a temp agency and the wages earned).] For example, Mr. B submitted paperwork indicating that he receives public assistance through the Supplemental Nutrition Assistance Program. [ECF No. 16 at 2.]

The Agency keeps official records for recipients of disability insurance benefits. [*see* Hauck Decl. ¶ 2, ECF No. 10.] These official records indicate that the Agency

---

[1] Mr. B is a non-lawyer who is representing himself in this case, and because he is a pro se litigant, the Court construes his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (cleaned up).

notified Mr. B in April 2010 that he was entitled to disability benefits beginning in January 2009. [*Id.* ¶ 4(a).] On March 1, 2019, however, the Agency's records indicated that it notified Mr. B, through the letter referenced above, that his disability benefits were discontinued because his performance of substantial gainful work since July 2018 made him ineligible. [*Id.* ¶ 4(b).]

As of May 1, 2019, which was 60 days after the Agency sent Mr. B notice of the overpayment and cancellation of his benefits, the Agency's records did not contain any request from Mr. B for a waiver or for reconsideration of the overpayment decision. [*Id.* ¶¶ 4(c), 4(e).] However, the Agency sent Mr. B a letter dated September 9, 2019 indicating that he had recently requested that it waive the collection of the overpayment and that the request could not be approved. [ECF No. 17-1 at 1.] The Agency informed Mr. B that he could schedule a "personal conference" prior to a decision being made about whether he had to pay back the overpayment. [*Id.*]

The undersigned issued an Order on November 11, 2019 requiring the SSA to file a supplemental memorandum along with any supporting materials regarding the plaintiff's request for a waiver of collection of the overpayment and what effect any final decision on that waiver request would have on the Agency's motion to dismiss. [ECF No. 20.] The government missed the deadline to respond, but the Court granted its untimely request to provide the supplemental materials. [ECF Nos. 22–27.]

The SSA confirmed that Mr. B completed a form requesting waiver of collection of the overpayment on June 5, 2019, and the Agency received it shortly thereafter. [First Kravartis Decl. ¶¶ 4(a), (b), Exs. 1–2, ECF No. 29.] The Agency informed Mr. B that he could attend a personal conference on September 25, 2019, before it reached a decision on his waiver request. [*Id.* ¶ 4(c), Ex. 3.] Mr. B attended the personal conference [*Id.* ¶ 4(e)], and on January 3, 2020, the SSA notified Mr. B that his waiver request was denied [Second Kravartis Decl. ¶ 4(a), Ex. 1, ECF No. 31]. According to the notice, Mr. B did not provide any reason why he should not be charged the overpayment because "he was working while receiving disability pay…." [*Id.*, Ex. 1.] The notice advised Mr. B that he had 60 days to request a hearing before an administrative law judge. [*Id.*]

3

In the Order granting the defendant's request for an extension to file supplemental materials, the Court provided that Mr. B was to file any response within 14 days after the filing of the defendant's supplemental memorandum and other submissions. [ECF No. 27.] The defendant filed its supplemental memoranda on January 6 and January 8, 2020. As a result, Mr. B's response was due, at the latest, on January 22, 2020. He has not filed any response.

## II.   Legal Standard

The SSA brings its motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction to consider Mr. B's claims that he has wrongly been charged with repaying disability benefits. Motions to dismiss which are based only on the allegations in the complaint are known as "facial attacks," and a court considering such a motion accepts the well-pleaded factual allegations as true to decide whether there is a valid basis for jurisdiction. *See Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). A Rule 12(b)(1) motion may also involve a "factual attack" in which the Court does not accept the allegations in the complaint as true, considers evidence outside the pleadings, and makes decisions based on any conflicting evidence to determine whether there is subject matter jurisdiction. *Id.*; *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). Relying on the evidence submitted in support of its motion, the SSA has raised this latter type of challenge to the Court's jurisdiction.

## III.   Discussion

Having reviewed the entire record, the Court concludes that it lacks jurisdiction over this case because Mr. B has failed to exhaust his administrative remedies. Accordingly, this matter should be dismissed without prejudice.

### A.   Framework: Exhaustion, Reconsideration, and Waiver

Congress has given the federal courts jurisdiction to review the Commissioner of Social Security's final decisions. 42 U.S.C. § 405(g). This means that a recipient of disability benefits may seek judicial review of the Agency's decision to collect overpayment of benefits "only after a final decision by the secretary 'made after a

4

hearing.'" *Rowden v. Warden*, 89 F.3d 536, 537 (8th Cir. 1996) (quoting § 405(g)). To demonstrate that the court has jurisdiction over such a claim, the plaintiff must show that he exhausted his administrative remedies by requesting a hearing before an ALJ to appeal the decision to terminate benefits or to deny waiver of the overpayment. *Id.* "[A] plaintiff's failure to present a claim to the commissioner divests the federal courts of jurisdiction entirely." *Sipp v. Astrue*, 641 F.3d 975, 980 (8th Cir. 2011). The exhaustion requirement "may be waived if a petition establishes (1) a colorable constitutional claim collateral to the substantive claim; (2) irreparable injury be enforcement of the exhaustion requirement; and (3) that the purpose of exhaustion would not served by requiring further administrative procedures." *Rodabaugh v. Sullivan*, 943 F.2d 855, 857 (8th Cir. 1991).

The Social Security regulations require a person to go through a multi-step process to obtain a final decision from the Agency. 20 C.F.R. §§ 404.900–404.933. These rules require a party who has been denied reconsideration of an overpayment decision or waiver of collection of the overpayment to request a hearing before an administrative law judge. 20 C.F.R. §§ 404.900(a)(3), 404.929, 404.930. After an ALJ holds a hearing and rules on the request, the person must then seek review from the Social Security Appeals Council. 20 C.F.R. § 404.900(a)(4). Once a person completed the steps of the administrative review process through the request for Appeals Council review, the SSA will have made its final decision, and then the person "may request judicial review by filing an action in a Federal district court." 20 C.F.R. § 404.900(a)(5).

Requests for reconsideration of overpayment and for waiver of overpayment are distinct from each other.[2] *Sipp v. Astrue*, 641 F.3d 975, 980 (8th Cir. 2011). When a person disagrees with the SSA's determination that an overpayment was made, a request for reconsideration is the appropriate vehicle. *Id.* (citing 20 C.F.R. §§ 404.502a(f), 404.907). This can involve a request for "reconsideration of the fact and/or amount of the overpayment determination." 20 C.F.R. § 404.502a(f). "A waiver request is not an appeal

---

[2]   In *Richter v. Saul*, No. 8:19CV340, 2019 WL 4261698, at *2–4 (D. Neb. Sept. 9, 2019), the court provides a lengthy description of overpayment determinations, reconsideration requests, and requests for waiver of overpayments under the identical rules governing Social Security Supplemental Security Income benefits.

5

of an overpayment determination." *Dean A. v. Berryhill*, No. 17-cv-5572 (TNL), 2018 WL 4623069, at *5 (D. Minn. Sept. 26, 2018).

In contrast, requests for waiver do not involve a challenge to the propriety of the Agency's determination that an overpayment was made or the amount of the overpayment; rather, the request for waiver asserts that the individual is without fault in causing the overpayment and that recovery of the overpayment would defeat the purpose of the Social Security Act. *See* 42 U.S.C. § 404(b) ("In any case in which more than the correct amount of payment has been made, there shall be no adjustment or recovery by the United States from any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience."); 20 C.F.R. § 404.506 (explaining when a waiver may be applied). In essence, request for waiver allows the Agency to consider the financial hardship that might be caused to a blameless recipient by the Agency's effort to recover funds and correct its own mistake.

### B. Analysis

The record in this case shows that Mr. B has not exhausted his administrative remedies either with respect to any claim that the Agency erred in denying a request for reconsideration or for waiver of overpayment. First, the record reflects that Mr. B did not request reconsideration of the overpayment decision within 60 days after receiving the Notice of Overpayment. [Hauck Decl. ¶ 4(e).] Although Mr. B submitted materials showing that he requested waiver of the SSA's attempt to collect the overpayment, he did not present any evidence to contradict the Agency's showing that he failed to timely request reconsideration. When a person fails to request reconsideration of an overpayment determination within 60 days after being notified of the overpayment, the "SSA's initial overpayment determination bec[omes] binding and not subject to judicial review." *Sipp*, 641 F.3d at 980. Failure to pursue a reconsideration request through the administrative process deprives the Agency of its opportunity to apply its "experience and expertise" and to "compile a record which is adequate for judicial review." *Id.* (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)) (cleaned up). A request for a waiver does not preserve a challenge to the overpayment determination. *Id.*; *R.D. v. Saul*,

No. 19-1139-SAC, 2019 WL 6894504, at *6 (D. Kan. Dec. 18, 2019) (citing *Sipp*, 641 F.3d at 980). Accordingly, the Court concludes that it lacks jurisdiction to review any claim regarding reconsideration of the overpayment decision.

Second, the record shows that Mr. B has failed to exhaust his administrative remedies with respect to his waiver request. Unlike a request for reconsideration, a waiver request can be made to the SSA at any time. 20 C.F.R. § 404.506(b) (providing that the SSA will stop recovery actions until after the initial waiver determination is made if a waiver request is made more than 30 days after notice of overpayment). Mr. B has plainly made such a request for waiver, appeared at a personal conference, and received a determination that his request for a waiver has been denied initially by the SSA. [First Kravaritis Decl. ¶¶ 4(a)–(e) & Exs. 1–3; Second Kravaritis Decl. ¶ 4(a) & Ex. 1.] However, to exhaust his administrative remedies on such a request, Mr. B must next request a hearing before an ALJ, and if the ALJ decides the case against him, he must then request review from the Appeals Council. 20 C.F.R. §§ 404.930(a)(6), 404.900(a)(3), 404.900(a)(4). The SSA informed Mr. B on January 3, 2020, that he has 60 days to request a hearing before an ALJ. [Second Kravaritis Decl. ¶ 4(a) & Ex. 1.] Administrative remedies remain available for Mr. B to ask the Agency to consider his request for waiver of overpayment. He still has until early March 2020 to request a hearing before an ALJ concerning his waiver claim, and if an ALJ were to deny the claim, he would still have the ability to seek review before the Appeals Council. Because administrative remedies remain, Mr. B has not exhausted them, and his waiver of overpayment claim should be dismissed. *See Linda P. v. Berryhill*, No. 2:19-cv-00036-DBH, 2019 WL 1509593, at *2–3 (D. Me. Apr. 5, 2019) (recommending dismissal without prejudice for failure to exhaust administrative remedies where the plaintiff's challenge to SSA's decision to reduce her Supplemental Security Income payments was filed before time for seeking administrative review expired and multiple levels of review remained), *R&R adopted by* 2:19-cv-36-DBH, 2019 WL 1748099 (D. Me. Apr. 18, 2019).

Finally, nothing in the record supports a determination that any of the exceptions to the exhaustion requirement recognized in *Rodabaugh v. Sullivan*, 943 F.2d 855, 857 (8th Cir. 1991), has been established. Accordingly, the Court concludes that Mr. B has

failed to exhaust available administrative remedies and this Court is without jurisdiction to consider his claims.

## IV.     Recommendation

For the reasons discussed above, **IT IS HEREBY RECOMMENDED THAT**:

1. The motion to dismiss **[ECF No. 8]** be **GRANTED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Date: January 29, 2020

                                                  *s/Katherine Menendez*
                                                  Katherine Menendez
                                                  United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.